[No. 20455. In Bank.—December 8, 1888.]

## THE PEOPLE, RESPONDENT, v. JULES MAURIN, APPELLANT.

CRIMINAL LAW — FALSE PERSONATION — PHYSICIAN'S CERTIFICATE OF DEATH — FORGERY. — The signing of the name of a physician to a certificate of death by another person without authority, but without the signer's pretending to any person that he is such physician, is not a false personation of another. If the signer was guilty of forgery, he cannot be convicted thereof under a charge of falsely personating another.

ID. — RECORD OF CERTIFICATE OF DEATH. — Whether a physician's certificate of death is an instrument which may be recorded within the meaning of section 529 of the Penal Code, when it does not clearly appear in what manner the health officer keeps a record of deaths, under the rules of the board of health, as provided in sections 3023 et seq. of the Political Code, quære.

ID. — DEFINITION OF PERSONATION — INSTRUCTION. — To personate another is to assume to be that person; and upon the trial of a person accused of falsely personating another, it is error to refuse to instruct the jury in substance that the mere signing of the name of another was not a personation of him, and that the defendant must have assumed to be the person known by such name.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Defendant's instruction No. 3, referred to in the opinion, declared that "the mere signing of Dr. De Derky's name by the defendant was not a personation of him. The defendant must have assumed to be the person known as Dr. De Derky." The further facts are stated in the opinion of the court.

*Robert Ferral,* and *Garrett W. McEnerney,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J. — Defendant was informed against and convicted under subdivision 2 of section 529 of the Penal Code. That portion of said section which is material here is as follows: "Every person who falsely personates another, and in such assumed character, either, — . . . . 2. Verifies, publishes, acknowledges, or proves, in the name of another person, any written instrument with intent that the same may be recorded, delivered, and used as true, . . . . is punishable," etc. The particular charge in the information was, that the defendant falsely *personated* one Dr. F. F. De Derky, and in such *assumed character,* verified, etc., a certain certificate of death, with intent that it should be recorded, etc.

There was no evidence tending to prove that defendant personated the said Dr. De Derky, or assumed his character. The facts proved by the prosecution were substantially these: One Louise Peckelhoff died at the

house of one Mrs. Hagenow, who was a physician. Dr. De Derky also attended the deceased for a few days before her death. A certificate of her death, with the name of Dr. De Derky signed to it, was delivered by an undertaker, Mr. Fredericks, to the secretary of the board of health, who supposed that the signature of Dr. De Derky was genuine. The name of Dr. De Derky was, however, as a matter of fact, signed to the certificate by the defendant. The undertaker, Fredericks, prepared the body of the certificate, and left it at the house of Mrs. Hagenow to be signed by the physician. Afterward it was brought to him by the defendant with De Derky's name to it. Fredericks knew defendant well; had known him for two years; knew that he was a cook working for Mrs. Hagenow; knew that he was not Dr. De Derky; and knew that he did not pretend to be Dr. De Derky. De Derky testified for the prosecution. When pressed to say categorically whether or not he had authorized any one to sign his name to the certificate, he answered that he had not, but that Mrs. Hagenow was under the impression that he had. He testified that Mrs. Hagenow told him that, as she had been convicted of practicing medicine without a license, the board of health would probably not issue a burial permit on her certificate, and that he told her that he would sign the death certificate. He was then asked if she did not say to him, "But supposing that I cannot find you, what shall I do?" and if he did not thereupon say to her: "Well, sign it; but I prefer to sign it myself?" To which he answered, "It may be so; I don't remember; I suppose I said something to that effect." This was all the testimony on the part of the prosecution. The defendant on his own behalf testified, substantially, that he had worked as cook for Mrs. Hagenow for about ten years; that he also acted as her secretary, and had signed her name to nearly all the certificates of death which had been given by her as a physician; that the certificate set forth in the infor-

mation was brought to him in the kitchen by Mrs. Hagenow, who told him that Dr. De Derky had authorized the signing of his name to it, and asked him to sign the doctor's name to it, because she was too nervous to do so; and that he signed it believing that he had the authority, and that it was proper to do so. This was substantially all the evidence in the case.

There is no question here as to the weight of evidence, or as to the right of the jury to believe or disbelieve certain testimony. The most that the jury could have found against the defendant, under any view of the evidence, was, that he signed De Derky's name to the certificate without authority to do so, and without any reason to honestly believe that he had such authority. And they must have concluded that signing the certificate without such authority constituted the crime charged in the information. But there was no evidence that he *personated* Dr. De Derky, or pretended to any human being that he, the defendant, *was* Dr. De Derky. He certainly made no such pretension to the undertaker, Fredericks, or to Mrs. Hagenow, who both knew him well; and those were the only persons with whom he came into contact about the business of the certificate. If he signed the certificate without any authority, and fraudulently wrote De Derky's name when he knew he had no right to do it, he may have been guilty of forgery; but a defendant cannot be convicted of a crime which is not charged in the information under which he is tried. To personate another person is to assume to be that person.

2. Instruction No. 3, asked by defendant and refused by the court, contains a very fair description of false personation; and it should have been given, or the substance of it should have been given in another form, which was not done.

3. We are not prepared to say that the certificate in question is not an instrument which may be recorded within the meaning of said section 529 of the Penal

Code; but the evidence was very vague as to the manner in which the health officer, under the rules of the board of health, keeps a record of deaths, as provided in sections 3023 et seq. of the Political Code.

Judgment and order denying a new trial reversed, and cause remanded.

SHARPSTEIN, J., PATERSON, J., SEARLS, C. J., and THORNTON, J., concurred.