## R. H. RAYMER v. STATE.

No. A-4600.    Opinion Filed Aug. 25, 1924.
(228 Pac. 500.)

(Syllabus.)

**Appeal and Error—Conviction Reversed on Confession of Error, if Sustained by Record and Law.** Where the Attorney General confesses error, this court will examine the record, and, if the confession is sustained thereby and is well founded in law, the conviction will be reversed.

Appeal from District Court, Texas County; Arthur G. Sutton, Judge.

R. H. Raymer was convicted of false personation, and he appeals. Reversed.

John L. Gilson, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

MATSON, P. J. The plaintiff in error, R. H. Raymer, was convicted in the district court of Texas county on a charge of false personation and sentenced to serve six months' imprisonment in the penitentiary. From a judgment rendered on the 17th day of November, 1922, he prosecuted an appeal to this court, and assigns numerous errors as grounds for reversal.

The Attorney General has filed a confession of error, which is as follows:

"The plaintiff in error was convicted in the district court of Texas county, state of Oklahoma, on a charge of false impersonation, and sentenced to six months in the penitentiary. The record shows that plaintiff in error filed a demurrer to the information and that said demurrer was overruled, to which ruling of the court the plaintiff in error saves his exceptions."

The information is in words and figures as follows:

"State of Oklahoma, County of Texas—ss.:

"The State of Oklahoma v. R. H. Raymer. Before the District Court of Said County. In the Name and by the Authority of the State of Oklahoma. Now comes Mark H. Adams, the duly qualified and acting county attorney in and for Texas county, state of Oklahoma, and gives the district court of Texas county and state of Oklahoma, to know and be informed that R. H. Raymer did, in Texas county and in the state of Oklahoma, on or about the 24th day of August, in the year of our Lord one thousand nine hundred and twenty-two, and anterior to the presentment hereof, commit the crime of false impersonation in the manner and form as follows, to wit: That the said R. H. Raymer, then and there being, did then and there willfully, unlawfully, feloniously, and falsely subscribe, publish, and mail to W. L. Foster, at Griggs, Oklahoma, a written instrument, to wit, a letter, he, the said R. H. Raymer, falsely subscribing the name 'Ku Klux Klansman' to said letter, with the intent that the said letter should be delivered and the signature thereon taken as true, when he, the said R. H. Raymer, knew well that he was not a Ku Klux Klansman, nor a member of the Ku Klux Klan; the said R. H. Raymer thereby falsely assuming the character of a Ku Klux Klansman, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state. Mark H. Adams, County Attorney."

The demurrer filed by plaintiff in error, omitting the formal parts, is as follows:

"Comes now the defendant, R. H. Raymer, by his attorney, John L. Gilson, and demurs to the information filed herein by the state of Oklahoma for the following reasons, to wit: (1) That the said information fails to charge a crime against this defendant and in favor of the state of Oklahoma. (2) That the information is insufficient for the reason that it does not state a crime under the laws of the state of Oklahoma. (3) For the reason that the information is insufficient to prove that any crime has been committed by

this defendant, R. H. Raymer, and against the laws of the state of Oklahoma. (4) That this information is insufficient to prove that any crime has been committed against the laws of the state of Oklahoma.''

The law under which this information was attempted to be drawn is section 2140, Compiled Oklahoma Statutes 1921, which is as follows:

''Any person who falsely personates another, and in such assumed character, either: * * *

''Third, subscribes, verifies, publishes, acknowledges, or proves, in the name of another person, any written instrument, with intent that the same may be delivered or used as true. * * *''

A careful reading of the law and the information convinces us that the information fails to state a cause of action. To commit a crime under this statute, the defendant must personate another person by subscribing, verifying, or publishing a written instrument which purports to be the writing of that other person. The defendant in this case personated an organization, and not another person. We take it that section 2140, Compiled Oklahoma Statutes 1921, is not broad enough to cover the acts alleged in the information, and for that reason we believe the trial court committed error in overruling plaintiff in error's demurrer thereto.

The essence of the offense of false personation is that the party charged must falsely personate another, and in such assumed character do either of the acts provided under the four subdivisions of section 2140, Compiled Statutes 1921.

The information is based upon a violation of the third subdivision and charges ''that the said R. H. Raymer did then and there willfully, unlawfully, feloniously, and falsely subscribe, publish, and mail to W. L. Foster, at Griggs, Oklahoma, a written instrument, to wit, a letter, and he, the said

R. H. Raymer, falsely subscribing the name 'Ku Klux Klansman' to said letter, with the intent that the said letter should be delivered and the signature thereon taken as true, when he, the said R. H. Raymer, well knew that he was not a 'Ku Klux Klansman' nor a member of the 'Ku Klux Klan'; the said R. H. Raymer thereby falsely assuming the character of the 'Ku Klux Klan.' "

The evidence on the part of the state, succinctly stated, is about as follows: Raymer, an old man about 70 years old, who could neither read nor write, and who lived in Cimarron county, went to the town of Guymon, Oklahoma, and procured a public stenographer to write for him several letters to different parties, to which the words "Ku Klux Klansman" were subscribed thereto. Raymer took these letters and they were subsequently received through the mail by the parties to whom they were addressed. The public stenographer testified that Raymer told her his name was Raymer, and that he did not represent himself to be a "Klansman," but said that he was a member of some committee that was to send out the letters. This evidence, together with the fact of the receipt of the letters and of the introduction of the letters themselves, was the evidence upon which this conviction was based. These facts do not constitute a false personation within the meaning of section 2140, supra. People v. Maurin, 77 Cal. 436, 19 Pac. 832.

The confession of error is sustained. The proper procedure would have been to have put this ignorant old man under a peace bond, or else to have turned him over to the federal authorities for a prosecution for sending threatening letters through the mail. The conviction here is based on a misconception of the law.

Judgment reversed.

BESSEY and DOYLE, JJ., concur.