## LANE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 10, 1927.)

No. 4728.

1. False personation ⬚1—One procuring payment of check of United States by falsely representing his authority held not guilty of "personating" lawful holder of debt of United States (Penal Code, § 33 [Comp. St. § 10197]).

Accused, who falsely represented himself to be a person authorized by corporate payee of check of United States to such corporation to indorse and receive payment of check, by means of which representations he had check cashed, and thereafter added to his indorsement the title of treasurer, without personating individual who was treasurer, held not guilty of offense of personating a lawful holder of a debt of the United States, within Penal Code, § 33 (Comp. St. § 10197); "personate" meaning to pass one's self off as another having a certain identity, and not merely to pretend to have official authority.

2. Statutes ⬚241(1)—Strict construction required to be given criminal statute should not go to extent of defeating its manifest purpose.

The strict construction required to be given to a criminal statute is not to be carried so far as to defeat manifest purpose of legislation, as subserved in the ordinary meaning of its words.

In Error to the District Court of the United States for the Southern District of Ohio; Smith Hickenlooper, Judge.

Charles E. Lane was convicted of falsely personating a lawful holder of a debt of the United States, and he brings error. Reversed.

W. B. Mente, of Cincinnati, Ohio, and Robt. B. McDougle, of Parkersburg, W. Va., for plaintiff in error.

Simon Ross, Asst. U. S. Atty., of Cincinnati, Ohio (Haveth E. Mau, U. S. Atty., and Harry A. Abrams, Asst. U. S. Atty., both of Cincinnati, Ohio, on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

MOORMAN, Circuit Judge. [1] The only question in this case is whether the indictment charged an offense. It alleged that defendant "did falsely and fraudulently to Robert B. Mills, manager of the Grand Hotel, Cincinnati, Ohio, personate and assume the character of, and represent himself to be, a person duly, regularly, and legally designated and authorized by the W. H. Dawkins Lumber Company, a corporation, to assign and indorse checks and drafts," and especially " * * * to sign and indorse and receive payment upon a check of the United States to the said W. H. Dawkins Lumber Company" for an indebtedness of $1,817.25. The bill of particulars which the court required the government to file upon the overruling of the demurrer stated that the government was indebted to the Dawkins Lumber Company in the sum of $1,817.25, for which a treasury check was drawn to the order of the lumber company and mailed to it at its place of business in West Virginia; that defendant obtained possession of the check, and, after indorsing the lumber company's name thereon, presented it to and procured payment thereof from the manager of a hotel in Cincinnati; and that, the check having been returned for designation of the authority of the indorser, he added to his indorsement the title of treasurer.

The indictment was drawn under section 33 of the Penal Code (section 10197 Comp. St.) which reads: "Whoever shall falsely

personate any true and lawful holder of any * * * debt of the United States or any person entitled to any * * * debt due from the United States, and, under color of such false personation shall * * * receive or endeavor to receive the money of such true and lawful holder thereof, or the money of any person really entitled to receive such * * * debt, shall be fined. * * *"

The Government contends that a duly authorized representative or officer of a corporation legally empowered to collect its debts is a "true and lawful holder of" or a "person entitled to" a debt due the corporation from the United States, and any one, who falsely represents himself as a person authorized by the corporation to collect the debt, falsely personates the "true and lawful holder of" or the "person entitled to" the debt, and therefore becomes subject to the penalties of the statute.

The necessities of the case do not require that we decide whether any officer of the corporation authorized to collect a debt due it is the "holder of" or a "person entitled to" the debt within the meaning of the statute, since the statute operates against the personation by one of another, and not against false claims of authority. In many of the states there are statutes dealing with false personation and false claim of official authority as separate offenses. Personate ordinarily means to pass one's self off as, to play the part or assume the character of, another. This interpretation has been given the term in Queen v. Hague, 4 Best & Smith, 719; People v. Maurin, 77 Cal. 436, 19 P. 832, and People v. Knox, 119 Cal. 73, 51 P. 19.

[2] It is true, of course, as the government contends, that the strict construction that is required to be given a criminal statute is not to be carried so far as to defeat the manifest purpose of the legislation, as subserved in the ordinary meaning of its words. The difficulty, however, that we find in applying this rule in aid of the government's contention, is in finding any legislative purpose in the words of the statute to bring the facts within its terms. Doubtless any one of several officers of the lumber company was authorized to cash the check. Defendant did not personate any of them or the company; at first he merely pretended to have the requisite authority, without indicating his connection with the company; later he wrote "treasurer" beneath his signature. He did not personate the individual who was treasurer of the company; he simply pretended to be treasurer, acting all the time in his own name and person. We think the term "personate," as used in the

statute, means to pass one's self off as another, having a certain identity, and not to pretend to have official authority. This, according to the allegations of the indictment, the defendant did not do. The indictment, as we have said, was based on section 33 of the Penal Code. It is not claimed that any other section is applicable, and, as section 33 does not apply, we must hold that no offense was stated.

Judgment reversed.