THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO BAHAMUNDI BORRERO, Defendant and Appellant.

No. 102.     Decided November 15, 1962.

*Luis A. Negrón López* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Genoveva R. Carrera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Petitioner was charged, together with his wife, with a violation of § 467 of the Penal Code in relation to § 36 of the same Code, consisting in that "defendants herein, acting in agreement with José Antonio Cintrón Amil, advised and instigated the latter to falsely represent another person, Walter Bahamundi Vázquez, as he actually did, and in such assumed character to commit, as he did, the act of appearing before the District Judge of Yauco, and to declare himself guilty, as he did, of the crime of violating § § 368 and 137 of the

Penal Code of Puerto Rico, then effective, thereby illegally exposing, upon the advice and instigation of defendants in the present case, the aforesaid Walter Bahamundi Vázquez to become liable to be sentenced, as he actually was, to a fine and imprisonment in jail for the above-mentioned crime."

After a trial, the aforesaid court sentenced petitioner to pay a fine of $500 or to serve one day in jail for each dollar left unpaid, and it acquitted the other codefendant. On appeal, the Superior Court modified that judgment to the effect of limiting the subsidiary imprisonment, in default of payment of the fine, to 90 days in jail and thus modified, it was affirmed.

The evidence in support of the complaint establishes that on May 11, 1960, José Antonio Cintrón Amil was walking from the public beach Caña Gorda in Guánica towards the aforesaid town. At the request of Bahamundi Vázquez and his wife, Cintrón got into their car and they headed towards Yauco. On the way, the aforesaid spouses requested Cintron's aid, offering him at the same time a ticket to New York and fifty dollars in cash, if Cintrón declared himself guilty of several crimes committed by their son. A little later they went to the District Court of Yauco and immediately thereafter petitioner herein requested the court's secretary to produce the cases which their son Walter had pending, because he was going to plead guilty. The secretary produced the records and immediately thereafter they went into the judge's office, where Bahamundi told the judge in the presence of the court's secretary, that his son Walter, who was with him, wished to plead guilty. He also prayed for leniency in the imposition of the penalty. Questioned by the judge, José Antonio Cintrón Amil, personating then and there the son of petitioner herein, entered a plea of guilty. Immediately the judge imposed a fine of $12 and 12 days in jail for a violation of § 137 of the Penal Code of Puerto Rico, and a fine of $11 for two cases of breach of the peace. Shortly thereafter, Cintrón Amil was locked in a cell room of the

District Court, Yauco Part, and when he asked "What's wrong?", codefendant, with tears in her eyes, asked him to help them, promising that they would look for the money and get everything straightened. Later, Cintrón Amil was transferred to the municipal jail of Yauco, where he began to serve the penalty imposed on him. A few days later, on May 18, 1960, defendant Carmelo Bahamundi, petitioner herein, returned to the clerk's office of the District Court of Yauco to pay the fines imposed on his son Walter.

Some time having elapsed after Cintrón Amil had served the penalty without even having heard from Mr. and Mrs. Bahamundi, and at the request of Catalina Amil de Roura, Cintrón Amil's aunt, an investigation was made by the police which ended in the preferment of charges against Mr. and Mrs. Bahamundi for the crime of false personation.

Petitioner contends in this appeal, that the judgment rendered against him is void and contrary to law "because the facts charged against petitioner and which are the object of the evidence introduced do not constitute a violation of § 467 in relation to § 36 of the Penal Code." He argues that under § 467 it is necessary to allege affirmatively that the person whose character the offender tried to assume could become liable to a suit or prosecution, or to pay a sum of money, or to incur any charge, or obligation, and also to state that such act might benefit defendant or any other person, and since from the information as well as from the evidence it appears that no such allegations were made, "and that on the contrary, the person whose character was assumed by the offender, far from becoming liable to any suit or prosecution, was acquitted for the act committed, and that said person did not incur any charge or penalty, and besides, it appearing further that no benefit had accrued defendant for the act realized, the information not only fails to establish any crime, but the facts of the present case are insufficient to charge a violation of § 467 of the Penal Code."

Petitioner is wrong. Section 467 of the Penal Code of Puerto Rico (33 L.P.R.A. § 1812), provides in its pertinent part:

"FALSE PERSONATION FOR OTHER PURPOSES. Every person who falsely personates another, and in such assumed character, either:

"1. .        .        .        .        .        .        .        .        .        .

"2. .        .        .        .        .        .        .        ,        .        .

"3. FOR OTHER PURPOSE. Does any other act whereby, if it were done by the person falsely personated, he might in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty or whereby any benefit might accrue to the party personating, or to any other person; is punishable by imprisonment in jail not exceeding two years, or by fine not exceeding five thousand dollars."

■ The essence of the offense of false representation is that the party charged must falsely personate another, and in such assumed character realizes any act specified in the statute. *Raymer* v. *State*, 228 Pac. 500. And we have already seen that paragraph 3 of § 467 specifies the following acts: (a) that in determined contingency, the person falsely personated might become liable to a suit or prosecution; (b) or to pay any sum of money; (c) or to incur any charge, forfeiture or penalty; and (d) or whereby any benefit might accrue to the party personating, or to any other person.

The complaint in the case at bar substantially follows the language of the statute and includes one of the above-mentioned acts, namely: that Cintrón Amil falsely personated another, Walter Bahamundi Vázquez, and in such assumed character pleaded guilty of two crimes charged to Bahamundi, exposing the latter to become liable to any fine or jail penalty. And since petitioner is charged in the complaint with having advised and induced Cintrón Amil to realize the acts which constitute the crime of false personation, as to the former, it is sufficient because he is charged

with being a principal to the crime pursuant to the provisions of § 36 of the Penal Code.[1]

■ It is not always necessary to allege in a complaint such as the one in the present case, that the act realized by the usurper would benefit defendant or any other person. The case of *People* v. *Chin You*, 157 Pac. 523, cited by petitioner, does not uphold the theory that such an affirmative allegation is always necessary. In that case it was stated:

"We think that the information should have alleged affirmatively the things required by subdivision 3 of section 529 of the Penal Code, or else that it should have appeared from the act of impersonation that the injury or the benefit referred to in the section would have been produced; that is to say, there might be a case where the very act of impersonation itself would show upon its face that an injury or a benefit would accrue, but, if it did not so show, then the information should have alleged in express terms that that benefit or that injury did accrue or occur, as the case might be." [2]

■ The complaint in the case at bar alleges the damage —to expose Walter Bahamundi to become liable to a fine or jail penalty—and it also stated that the damage was actually caused.

■ On the other hand, contrary to what petitioner herein contends, the evidence is sufficient to sustain his conviction. It established, as we have already seen, one of the acts mentioned in paragraph 3 of § 467. Besides, although this

---

[1] The aforesaid § 36 (33 L.P.R.A. § 82) provides:

"§ 82. Principals

"All persons concerned in the commission of a crime whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid or abet in its commission, or, not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, are principals in any crime so committed."—Penal Code, 1937, § 36.

[2] Section 529 of the Penal Code of California is equivalent to § 467 of our Penal Code.

··does not mean that we agree with his theory, if as petitioner maintains, Walter Bahamundi, whose character was assumed, was benefited by the act committed by defendants, that would be sufficient to include the case in the last provision of paragraph 3 of the aforesaid § 467, which provides: "or whereby any benefit might accrue to the party personating, · *or to any other person.*" (Italics ours.)

In the case of *People* v. *Vaughn,* 16 Cal. Rptr. 711 (1961), an attorney was charged with encouraging a certain Mrs. Tobin to falsely personate her twin sister Mrs. Solomon in a warrant of arrest issued against the latter. It was decided that *any other person* referred to any other person who was not the usurper and that, giving a usual and ordinary interpretation to the meaning of the words used in subdivision No. 3 of § 529, it was evident that the benefit accrued to any other person included Mrs. Solomon, who was falsely personated by her sister. In the same case, it was decided that the "benefit" referred to in § 529, equivalent to § 467 of our Penal Code, is not limited to pecuniary or material gain, but that it denotes any form of advantage.

Therefore, even accepting petitioner's argument that Walter Bahamundi was benefited by the acts of Cintrón Amil and of petitioner, the latter would always be the principal of the crime of false personation with which he was charged.

For the foregoing reasons the writ of certiorari issued will be set aside and the case remanded to the Superior Court for further proceedings.

