EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* CARMELO BAHAMUNDI BORRERO, acusado y recurrente.

Número: 102    Resuelto: 15 de noviembre de 1962

*Luis A. Negrón López,* abogado del recurrente; *J. B. Fernández Badillo, Procurador General,* y *Genoveva R. de Carrera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

El peticionario fue acusado conjuntamente con su esposa de una infracción al artículo 467 del Código Penal en relación con el artículo 36 del mismo Código, consistente en que "los aquí acusados actuando en concierto y de común acuerdo con José Antonio Cintrón Amil, aconsejaron e incitaron a éste para que fraudulentamente se hiciera pasar por otra persona, Walter Bahamundi Vázquez, como en efecto se hizo pasar y bajo ese carácter usurpado cometiera, como cometió, el acto de comparecer ante el Hon. Juez de Distrito de Yauco, y se declarara culpable como se declaró del delito de Infracción Art. 368 y 137 del Código Penal de Puerto Rico, vigente, exponiendo de este modo ilegal por el consejo e incitación de los acusados en este caso a dicho Walter Bahamundi Vázquez a sobrevenirle a que fuera sentenciado como lo fue a multa y pena de cárcel por dicho delito".

Después de celebrarse el juicio oral dicho tribunal condenó al peticionario a pagar una multa de $500 o a sufrir un día de cárcel por cada dólar que dejara de pagar, y absolvió a la otra coacusada. En apelación el Tribunal Superior modificó esta sentencia a los efectos de limitar la prisión subsidiaria, en defecto del pago de la multa, a 90 días de cárcel y así modificada, la confirmó.

La prueba en apoyo de la denuncia establece que allá para el 11 de mayo de 1960, el Sr. José Antonio Cintrón Amil caminaba desde el balneario Caña Gorda en Guánica hacia el referido pueblo. A invitación de los esposos Bahamundi Vázquez, Cintrón montó en el vehículo de aquéllos y emprendieron viaje hacia Yauco. En el camino los referidos esposos solicitaron la ayuda de Cintrón a la vez que le ofrecieron un pasaje para Nueva York y cincuenta dólares en efectivo a cambio de que Cintrón se declarase culpable de unos delitos cometidos por el hijo de dicho matrimonio. Poco tiempo después llegaron al Tribunal de Distrito de Yauco e inmediata-

mente el aquí peticionario solicitó del secretario del tribunal que le consiguiera los casos que su hijo Walter tenía pendiente, pues éste se iba a declarar culpable. El secretario produjo los expedientes y acto seguido se dirigieron hacia la oficina del juez en donde Bahamundi le expresó al magistrado en presencia del secretario del tribunal, que su hijo Walter, quien lo acompañaba, quería hacer alegación de culpabilidad. Además solicitó benevolencia en la imposición de la pena. A preguntas del juez, José Antonio Amil, personificando allí y entonces al hijo del aquí peticionario, hizo alegación de culpabilidad. Inmediatamente el juez le impuso $12 de multa y 12 días de cárcel por infracción al artículo 137 del Código Penal de Puerto Rico y $11 de multa por dos casos de Alterar la Paz Pública. Momentos después Cintrón Amil era encerrado en un cuarto-jaula que hay en el Tribunal de Distrito, Sala de Yauco y al éste preguntar "¿qué pasa?", la coacusada, con lágrimas en los ojos, le pidió que los ayudara, ofreciéndole que irían a buscar dinero para arreglarlo todo. Luego Cintrón Amil fue trasladado a la cárcel municipal de Yauco, donde comenzó a extinguir la pena impuéstale. Unos días más tarde, el 18 de mayo de 1960, volvió el acusado y aquí peticionario Carmelo Bahamundi a la Secretaría del Tribunal de Distrito de Yauco a satisfacer las multas impuestas a su hijo Walter.

Transcurrido algún tiempo después de Cintrón Amil haber cumplido la pena sin siquiera haber tenido noticias de los esposos Bahamundi, y a requerimiento de la señora Catalina Amil de Roura, tía de aquél, se practicó una investigación por la policía que culminó en la formulación de acusaciones contra los esposos Bahamundi por el delito de falsa representación.

Sostiene el peticionario en este recurso que la sentencia dictada en su contra es nula y contraria a derecho "porque los hechos imputados al peticionario y objeto de la prueba practicada no constituyen una Infracción al Artículo 467 en

relación al Artículo 36 del Código Penal''. Argumenta que bajo el artículo 467 es necesario alegar afirmativamente que la persona cuya personalidad trató de usurpar el infractor podía quedar sujeta a un pleito o procedimiento, a pagar una suma de dinero, a incurrir en una deuda u obligación, y además debe expresar que tal acto habría de beneficiar al acusado o a alguna otra persona y que resultando tanto de la acusación como de la prueba que no se hicieron tales alegaciones, ''y que por el contrario la persona cuya personalidad asumía el usurpador lejos de ser expuesta a un pleito o procedimiento resultaba exonerada por el acto realizado, y que dicha persona no quedaba expuesta a pagar penalidad o multa alguna, y resultando además que el acusado no había de recibir beneficio alguno por el acto realizado, no solamente la acusación no establece delito alguno, sino que los hechos de este caso no son suficientes para imputar una infracción al Artículo 467 del Código Penal''.

No tiene razón. El artículo 467 del Código Penal de Puerto Rico (33 L.P.R.A., sec. 1812), dispone en lo pertinente:

''Falsa representación para otros fines.

''Incurrirá en pena de cárcel por un período máximo de dos años, o multa máxima de cinco mil dólares, toda persona que fraudulentamente se hiciere pasar por otra persona, y bajo ese carácter usurpado, cometiere cualquiera de los actos siguientes:

''1.    .    .    .    .    .    .    .    .

''2.    .    .    .    .    .    .    .    .

''3. Para otros fines. Realizar cualquier otro acto en cuya virtud, de realizarlo la persona que falsamente pretenda ser, podría en determinada contingencia, exponer a ésta a algún pleito o proceso, o al pago de cualquiera cantidad, o sobrevenirle cualquier gravamen, embargo, multa o pena, o por el cual pudiera beneficiarse el usurpador o cualquiera otra persona.''

La esencia de esta modalidad del delito de falsa representación consiste en que la persona acusada haya personificado falsamente a otra y que en tal carácter realice cualquiera de los actos especificados en el estatuto. *Rayner* v. *State*, 228 P. 500. Y ya hemos visto que el inciso 3 del artículo 467 especifica los siguientes actos: (a) que en determinada contingencia, pueda exponer a la persona usurpada a algún pleito o proceso; (b) o al pago de cualquier cantidad; (c) o sobrevenirle cualquier gravamen, embargo, multa o pena; y (d) o por el cual pudiera beneficiarse el usurpador o cualquiera otra persona.

La denuncia en este caso sigue sustancialmente el lenguaje del estatuto e incluye uno de los actos arriba especificados, a saber; que Cintrón Amil fraudulentamente se hizo pasar por otra persona, Walter Bahamundi Vázquez, y en ese carácter usurpado se declaró culpable de dos delitos imputados a Bahamundi, exponiendo a éste a sobrevenirle cualquier multa o pena de cárcel. Y como en la denuncia se imputa al peticionario haber aconsejado e incitado a Cintrón Amil a que realizara los actos constitutivos del delito de falsa representación, en cuanto a él es suficiente porque se le imputa ser un coautor del delito de conformidad con las disposiciones del artículo 36 del Código Penal.(¹) ■

No es siempre necesario alegar en una denuncia como la de autos que el acto realizado por el usurpador habría de beneficiar al acusado o a alguna otra persona. El caso de *People* v. *Chin You*, 157 P. 523, citado por el peticionario, no sostiene

---

(¹) Dicho artículo 36 (33 L.P.R.A., sec. 82) dispone:

"§ 82. Autores

"Todas las personas complicadas en la comisión de un crimen, ya fuere grave o menos grave, y que directamente cometieren el acto constitutivo del delito o no hallándose presentes, hubieren aconsejado su comisión o incitado a ella; y todas las personas que aconsejaren o incitaren a menores de catorce años, lunáticos o idiotas, a cometer algún crimen; o que, por medio de fraude, artificio, o violencia, ocasionaren la embriaguez de otra persona, con el fin de hacerle cometer un crimen, son principales autores en el crimen cometido.—Código Penal, 1937, art. 36."

la teoría de que esa alegación afirmativa sea siempre necesaria. En dicho caso se dijo:

"Creemos que la acusación debió alegar afirmativamente todo lo requerido por la subdivisión Núm. 3 de la sección 529 del Código Penal, o que debió surgir del acto de falsa representación en sí que el daño o el beneficio a que se refiere la sección hubiera sido causado, es decir, puede haber un caso donde la falsa representación demuestre de su faz que un daño o un beneficio resultaría, pero si no queda así demostrado, entonces la acusación debe alegar expresamente que el beneficio o el daño, según sea el caso, ocurrió." (²) ▪

La denuncia en este caso alega el daño—sobrevenirle a Walter Bahamundi una multa o pena de cárcel—y además expone que el daño fue causado. ▪

Por otro lado, la prueba, contrario a lo que alega el peticionario, es suficiente para sostener su convicción. Ella estableció, según hemos visto, uno de los actos especificados en el inciso 3 del Artículo 467. Además, si como sostiene el peticionario, sin que esto signifique que coincidamos con su criterio, Walter Bahamundi, cuya personalidad fue usurpada, resultaba beneficiado con el acto cometido por los acusados, ello sería suficiente para que el caso esté cubierto por la última disposición del inciso 3 del referido artículo 467, que dispone: "o por el cual pudiera beneficiarse el usurpador *o cualquiera otra persona*". (Énfasis suplido.) ▪

En el caso de *People* v. *Vaughn*, 16 Cal. Rptr. 711 (1961), se acusó a un abogado por inducir a una tal Mrs. Tobin para que falsamente personificara a su hermana gemela Mrs. Solomon en una orden de arresto librada contra esta última. Se resolvió que *cualquiera otra persona* se refería a cualquiera otra persona que no fuera el usurpador y que dando una interpretación usual y corriente al significado de las palabras usadas en la subdivisión número 3 de la sección 529, era manifiesto que el beneficio a devengarse por cualquiera otra

---

(²) La sección 529 del Código Penal de California es equivalente al Artículo 467 de nuestro Código Penal.

persona incluía a Mrs. Solomon, a quien falsamente personificó su hermana. En el mismo caso se decidió que el "beneficio" a que se refiere la Sección 529, equivalente al Artículo 467 de nuestro Código Penal, no está limitado a una ganancia pecuniaria o material sino que denota cualquier forma de ventaja.

De suerte que aun cuando aceptáramos el argumento del peticionario de que Walter Bahamundi recibió un beneficio con los actos de Cintrón Amil y del peticionario, siempre éste sería autor del delito de falsa representación imputádole.

*Por las razones expuestas se anulará el auto de certiorari expedido y se devolverá el caso al Tribunal Superior para ulteriores procedimientos.*