[Crim. No. 322.   Department One.—November 17. 1897.]

THE PEOPLE, Respondent, v. ALBERT KNOX, Appellant.

CRIMINAL LAW—FALSE IMPERSONATION OF OFFICER—INSUFFICIENT INFORMA-
   TION—CONSTRUCTION OF CODE.—Section 529 of the Penal Code, which
   provides for the punishment of "every person who falsely personates
   another," etc., does not apply to a case where a party falsely as-
   sumes an official character, but is intended to cover only acts done
   by one person while representing himself to be another and different
   person; and an information charging a defendant with impersonat-
   ing an officer of the law and a constable, and performing a specified
   act in such assumed character, without stating the name of the
   officer of the law or constable which defendant represented himself
   to be, is insufficient.
ID.—AMBIGUOUS INFORMATION.—The mere fact that an information is sus-
   ceptible of widely different constructions renders it unsatisfactory
   in the eyes of the law.

APPEAL from a judgment of the Superior Court of Napa
County.  E. D. Ham, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Appellant.

E. L. Webber, and W. P. Myles, for Respondent.

GAROUTTE, J.—This appeal is prosecuted by the people to
test the validity of an order of the superior court sustaining a de-
murrer to an information filed against the defendant Knox.  This
information is based upon section 529 of the Penal Code, which
declares that "every person who falsely personates another, and
in such assumed character either becomes bail or surety for any
party . . . . is punishable," etc.  By the information in this
case the defendant is charged with falsely personating another,
in this, that he did "willfully and unlawfully falsely personate
another, to wit, an officer of the law and a constable, and in such
assumed character did take away one Anita Lynde, a child of the
age of four years," etc.  The information further alleged that
he was not at the time an officer of the law or constable.

This information is susceptible of but two constructions, either
of which renders it objectionable.  If the pleading be construed
as one charging the defendant as falsely representing himself to

be an officer of the law and a constable, then it must fall, for the section is not broad enough to cover such a state of facts. The section is intended to cover acts done by one person while representing himself to be another and different person. It does not refer to a case where a party falsely assumes an official char· acter. If the remaining construction of the pleading be adopted, then it is demurrable in not stating the name of the officer of the law or constable which defendant represented himself to be. The defendant is entitled to be notified of that fact. It might be further said that the pleading is not satisfactory in the eyes of the law from the mere fact that it is susceptible of the widely different constructions suggested.

Judgment affirmed.

Van Fleet, J., and Harrison, J., concurred.