[No. A047767. First Dist., Div. Three. Sept. 17, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK THOMAS ROBERTSON, Defendant and Appellant.

**COUNSEL**

Peter Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MERRILL, J.**—Appellant Patrick Thomas Robertson was charged with one count of auto theft (Veh. Code, § 10851) and one count of false personation (Pen. Code,[1] § 529). Following trial, the jury was unable to reach a verdict on the charge of auto theft. However, it found appellant guilty of the charge of false personation. Thereafter, the court declared a mistrial relative to the auto theft charge and that charge was subsequently dismissed. Appellant was sentenced to the upper term of three years in state prison. Appellant appeals his conviction of false personation. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## I

Shortly after midnight on August 28, 1986, Sean McBride thought he heard the sound of someone starting the engine of his truck. He looked outside the window and saw the truck moving away. McBride and a friend successfully pursued the truck on foot. Upon reaching the truck, they detained the thief until police arrived. The suspect was later identified as appellant.

At trial, the following stipulation was entered by the parties: "It is stipulated that the defendant was the person detained by Sean McBride and arrested by Officer Kornchuck on August 28, 1986 at Payless Lumber Company in Middletown. [¶] At the time of the arrest the defendant whose name is Patrick Thomas Robertson identified himself as Joseph Oren Robertson. [¶] Joseph Oren Robertson is a real person, the defendant's brother. [¶] At the time he was released from jail the defendant signed the name Joseph Robertson on the booking form. [¶] On August 29, 1986, the defendant signed the name Joseph Robertson on an own recognizance release form. [¶] It's further stipulated that by these acts another person could have been subject to prosecution."

## II

Appellant's sole contention on appeal is that his conviction for false personation must be overturned because the statutory violation with which he was charged, section 529, subdivision 3, is preempted in this instance by a special statute, section 148.9, subdivision (a). Section 529, subdivision 3, which is punishable as either a felony or a misdemeanor, states: "Every person who falsely personates another in either his private or official capacity, and in such assumed character . . . : [¶] . . . [d]oes any other act whereby, if done by the person falsely personated, he might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person; [¶] Is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment." Meanwhile, section 148.9, subdivision (a), states: "Any person who falsely represents or identifies himself or herself as another person or as a fictitious person to any peace officer listed in Section 830.1 or 830.2, upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the investigating officer is guilty of a misdemeanor."

Appellant argues that section 529, subdivision 3, covers the same matter as section 148.9, subdivision (a), but that the latter statute is more specific in

its application to the facts of this case. Accordingly, he argues, section 148.9, subdivision (a), bars the application of section 529, subdivision 3, in this instance. We disagree.

*People* v. *Jenkins* (1980) 28 Cal.3d 494 [170 Cal.Rptr. 1, 620 P.2d 587] provides us with guidance in this area. In *Jenkins*, defendant falsified information in an application for AFDC (aid to families with dependent children) benefits. She was prosecuted for both AFDC fraud (Welf. & Inst. Code, § 11483) and perjury (§ 118). Prior to trial, defendant moved for dismissal of the perjury charge on the ground that the Welfare and Institutions Code statute proscribing AFDC fraud was a specific statute which precluded the state from prosecuting her under the more general perjury statute in the Penal Code. The superior court granted the motion and the prosecution appealed.

In its analysis of the issue on appeal, the Supreme Court began by referencing the general rule on the subject: " ' "[W]here the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment." ' [Citing *In re Williamson* (1954) 43 Cal.2d 651, 654 (276 P.2d 593) and *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 (82 Cal.Rptr. 724, 462 P.2d 580).]" (*People* v. *Jenkins, supra,* 28 Cal.3d at p. 501.) The *Jenkins* court next disapproved previous Court of Appeal decisions which, in construing this rule, had held that " '[a] special statute does not supplant a general statute unless all of the requirements of the general statute are covered in the special statute.' [Citing *People* v. *Isaac* (1976) 56 Cal.App.3d 679, 683 (128 Cal.Rptr. 872).]" (*People* v. *Jenkins, supra,* at pp. 501-502.) The high court said that such a test was "defective for it is incomplete." (*Id.,* at p. 502.) It said, "It is true . . . that the *Williamson* rule is applicable when each element of the 'general' statute corresponds to an element on the face of the 'specific' statute. However, the converse does not necessarily follow. It is not correct to assume that the rule is inapplicable whenever the general statute contains an element not found within the four corners of the 'special' law. Rather, the courts must consider the *context* in which the statutes are placed. If it appears from the entire context that a violation of the 'special' statute will necessarily or commonly result in a violation of the 'general' statute, the *Williamson* rule may apply even though the elements of the general statute are not mirrored on the face of the special statute." (*Ibid.*)

Considering the facts of the case before it, the *Jenkins* court found that whereas the general crime of perjury requires as an element of that offense that a false statement be made under oath or affirmation, the crime of AFDC fraud applies on its face to any false statement made to obtain

benefits. Considering the "entire context" of the AFDC fraud statute, however, the court further found that, "in fact," a person cannot obtain AFDC benefits without first submitting an affirmation of eligibility, including a written declaration that the affirmation is made under penalty of perjury. Section 11054 of the Welfare and Institutions Code requires that an initial application for AFDC benefits be accompanied by such an affirmation of eligibility and written declaration. Furthermore, under section 11265 of that code, both the annual redeterminations of eligibility and the monthly income reports require AFDC recipients to complete a certificate of eligibility under penalty of perjury. Thus, the *Jenkins* court concluded, "It would appear that there are no situations in which an individual can violate section 11483 without also committing perjury. The specific-versus-general rule of *Williamson*, . . . would therefore seem to be applicable." (*People* v. *Jenkins, supra*, 28 Cal.3d at p. 505.) Thereafter, however, the *Jenkins* court ruled that due to "unique circumstances" which are not relevant to the case before us, the prosecution for perjury could go forward. (*Ibid.*)

Applying the guidelines established by *Jenkins* to the case at bar, we think it manifest that section 148.9, subdivision (a), does not preclude appellant's conviction under section 529, subdivision 3. First of all, it is clear that section 529, subdivision 3, describes an offense which has a number of elements which the offense described by section 148.9, subdivision (a), does not. For a conviction based on section 529, subdivision 3, the prosecution must establish that the defendant has impersonated "another" person in either his "private or official capacity." The statute thus envisions the impersonation of a "real" person, not a fictitious person. (See *People* v. *Knox* (1897) 119 Cal. 73 [51 P. 19].) Such is not the case with section 148.9, subdivision (a). On its face, section 148.9, subdivision (a), is applicable whether or not the personated person is real or fictitious.

Also regarding section 529, subdivision 3, the prosecution must establish in addition to the act of impersonation itself an "act" which, had it been done by the person falsely personated, might have subjected that person to either a suit or some kind of debt or fine; or which benefitted the defendant or "any other person" in some way. Once again, this is not the case when seeking a conviction based on section 148.9. For a conviction based on the latter statute, the prosecution need only establish the act of impersonation before a peace officer upon a lawful detention or arrest, for the purpose of evading the process of the court or proper identification.

Finally, for a conviction based on section 529, subdivision 3, the prosecution must establish that at the time of the offense the defendant had the specific intent to commit that crime; or, in the words of the court here, he falsely personated another with the specific intent to obtain a benefit for

himself or to cause another to become liable for prosecution or pay a sum of money. (See *People* v. *Vaughn* (1961) 196 Cal.App.2d 622, 630-631 [16 Cal.Rptr. 711].) For a conviction based on section 148.9, subdivision (a), on the other hand, the prosecution need only establish general intent on the part of the defendant; or, in other words, that the defendant intended to do the act which forms the basis of the crime, whether or not he knew that the act was unlawful.

Relative to the second part of the *Jenkins* test—i.e., the "*context* in which the statutes are placed" (*People* v. *Jenkins, supra*, 28 Cal.3d at p. 502), appellant's argument does not fare any better. Section 529 is contained in chapter 8 of title 13 of the Penal Code. Chapter 8 is entitled, "False Personation and Cheats." A purview of chapter 8's provisions indicates that the essence of these provisions is to punish the type of fraud perpetrated by means of impersonation of another person. Section 148.9, meanwhile, is contained in chapter 7 of title 7 of the Penal Code. Chapter 7 is headed, "Other Offenses Against Public Justice." A purview of chapter 7's provisions indicates that the essence of these provisions is to punish wrongful interference with the administration of justice. Clearly, the nature of these offenses is very different. Furthermore, we can think of numerous instances in which a violation of section 148.9, subdivision (a), would not result in a violation of section 529, subdivision 3. Hence, we think it unlikely that the Legislature, in enacting section 148.9, intended to make section 529, subdivision 3, unavailable to the prosecution, given the right circumstances. The instant case presents such circumstances.

The record in the instant case establishes that upon his arrest, appellant falsely identified himself to the arresting officer as his brother, Joseph Oren Robertson. This initial falsehood on appellant's part was compounded many times by what happened thereafter. Following appellant's arrest, a complaint was filed against him titled, "People of the State of California versus Joseph Robertson." Appellant continued masquerading as his brother throughout his arraignment. At the arraignment, the magistrate ordered that appellant be released from custody on his own recognizance. Upon his release, appellant signed both a booking form and a release form again using his brother's name. Appellant then failed to appear at the next scheduled hearing and a bench warrant was issued for the arrest of Joseph Oren Robertson. Sometime thereafter, appellant's brother was arrested on the outstanding warrant in Texas and extradited to California. Criminal proceedings were reinstituted but Joseph Robertson was found incompetent to stand trial and was committed to Atascadero State Hospital on December 14, 1987. On May 1, 1989, the authorities at the state hospital contacted county officials and informed them that they did not believe Joseph Robertson was the person arrested in August 1986. Thereafter, appellant was

properly identified as the suspect in the case based on a photograph from the 1986 booking and a fingerprint check. The information against appellant was then filed in July 1989. As noted by respondent, as a result of appellant's impersonation of his brother, the brother was unjustly incarcerated for a year and a half.

Appellant was charged with a violation of section 529, subdivision 3. The jury was instructed relative to that statute and relative to section 148.9, subdivision (a), as a lesser included offense. The jury determined that appellant had, in fact, violated section 529, subdivision 3. We find no basis to upset that determination.

The judgment is affirmed.

White, P. J., and Strankman, J., concurred.