[No. F019408. Fifth Dist. Apr. 4, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC ROGER COLE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

## COUNSEL

Peter A. Sapunor, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STONE (W. A.), Acting P. J.**—Appellant was arrested on suspicion of burglary. While appellant was seated in the patrol car, the arresting officer asked him several questions regarding his identity in order to fill out a form required for booking. Appellant told the officer his name was Larry Quesenberry and he was born November 6, 1968. When the officer ran a computer check of the name and date of birth, the middle name "Ray" appeared; appellant responded affirmatively when the officer asked him if "Ray" was his middle name. The information identified another person, not appellant.

Appellant was charged with burglary (Pen. Code, § 459),[1] attempted escape (§ 836.6, subd. (b)) and felony false personation (§ 529, subd. 3). It was alleged for purposes of enhancement that appellant had committed the charged felonies while released upon his own recognizance pending trial on two earlier felonies (§ 12022.1). A jury found appellant guilty as charged.

The court sentenced appellant to an aggregate term of eight years—the aggravated term of six years on the burglary count, a concurrent one year for attempted escape, a concurrent two years for false personation and a consecutive two-year enhancement based upon the finding that the burglary had been committed while appellant was released on his own recognizance pending trial on a felony offense alleged to have occurred May 28, 1992.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

### DISCUSSION

### I.

#### *Sufficiency of Evidence Supporting Felony False Personation*

Pursuant to section 529, subdivision 3, it is a felony to personate another falsely, and in such assumed character, (1) to do an act which, if done by the person falsely personated, might cause that person liability for any prosecution, or (2) to do an act whereby any benefit might accrue to the person falsely personating. Pursuant to section 148.9, it is a misdemeanor to provide a police officer with false identification either to evade process of the court or to evade proper identification.

In *People* v. *Robertson* (1990) 223 Cal.App.3d 1277 [273 Cal.Rptr. 209], the court identified one of the distinctions between the two crimes: "[R]egarding section 529, subdivision 3, the prosecution must establish *in addition to the act of impersonation itself* an 'act' which, had it been done by the person falsely personated, might have subjected that person to either a suit or some kind of debt or fine; or which benefitted [*sic*] the defendant or 'any other person' in some way. Once again, this is not the case when seeking a conviction based on section 148.9. For a conviction based on the latter statute, the prosecution *need only establish the act of impersonation* before a peace officer upon a lawful detention or arrest, for the purpose of evading the process of the court or proper identification." (*People* v. *Robertson, supra*, 223 Cal.App.3d at p. 1281, italics added.)

Appellant contends there is no evidence of an act in addition to that of falsely identifying himself to the arresting officer. Because there is no evidence of an additional act that would elevate the crime from a misdemeanor to a felony, his felony conviction must be reversed.

According to respondent, evidence of "[a] compounding act, whether it was the defendant's own affirmative action, or his passive allowance of further court action under the false identity" is sufficient to demonstrate the felony violation of section 529. Respondent contends the appellant's initial act of falsely identifying himself as Larry Quesenberry was compounded by (1) the act of giving Larry Quesenberry's birth date during booking, and (2) "reaffirm[ing] [his] false identity by confirming his alleged middle name of 'Ray.'"

Appellant responds that the answers to questions posed by the officer while filling out the prebooking form as appellant sat in the patrol car are

simply part of the initial falsehood, and each response should not be characterized as an additional act within the meaning of section 529.

Respondent's "compounding act" analysis is taken from the discussion in *People* v. *Robertson, supra,* 223 Cal.App.3d at page 1282, in which defendant falsely identified himself to the arresting officer as his brother. Following his arrest, a complaint was filed against him titled, "People of the State of California versus Joseph Robertson." He continued to masquerade as his brother through his arraignment and was released from custody on his own recognizance. He signed both a booking form and a release form using his brother's name. When he failed to appear at the next scheduled hearing, a bench warrant was issued for his brother's arrest. His brother subsequently was arrested on the outstanding warrant in Texas and extradited to California where criminal proceedings were reinstituted. His brother was found incompetent to stand trial and was committed to Atascadero State Hospital. Authorities at Atascadero discovered the gambit and appellant was apprehended.

The *Robertson* court concluded, "[the] initial falsehood on appellant's part was compounded many times by what happened thereafter." (*People* v. *Robertson, supra,* 223 Cal.App.3d at p. 1282.) It was abundantly clear from the record in *Robertson* that defendant engaged in acts in addition to the act of providing false identification to a police officer.

There necessarily must be something to distinguish an act punishable as a felony under section 529 from an act punishable as a misdemeanor under section 148.9. According to respondent's analysis, if a person provides any additional information beyond a false name, the crime is elevated to a felony. We conclude such a construction of section 529 is unreasonable and not compelled by *Robertson.*

The conduct described in *Robertson* was substantially more than merely providing a police officer with false identification. Here, however, giving a false birth date and middle name was no more than part of the act of providing the false information upon which the false identity was based. Each statement made in the course of providing contemporaneous statements amounting to false identification logically cannot be construed as separate acts compounding each prior statement.

The record does not support the felony conviction; however, it does support a misdemeanor conviction. A new trial is not necessary. The judgment of conviction on count III will be reversed and upon remand the trial court will be directed to modify the judgment to reflect a conviction

for violation of section 148.9, subdivision (a), and to impose sentence accordingly.

## II.

*Sufficiency of Evidence Supporting Section 12022.1 Enhancement*

Section 12022.1 provides for a two-year enhancement if it is determined a defendant committed the current felony offense while released from custody on bail or on his or her own recognizance prior to judgment on a prior felony offense.

The information in the present case alleged that at the time appellant committed the currently charged burglary, "[appellant] had been released on bail and/or [on his] own recognizance pending trial on an earlier felony offense, to wit, Violation of Section 459 of the California Penal Code . . . , alleged to have occurred on or about the 28th day of May, 1992, in the jurisdiction of the Superior Court, County of Contra Costa, State of California, Action No. 5921485-9."

In support of the allegation, the prosecution offered four certified copies of documents from Contra Costa County Superior Court. The first in order of time is a superior court order filed September 4, 1992, appointing a doctor to examine appellant and to file a written report with the court prior to September 18, 1992, on "Issues as Designated on the Attached Document." There is no attached document. The second document is a superior court order authorizing appellant's release on his own recognizance. This document also indicates appellant waived time for sentencing up to and including September 18, 1992. It reflects appointment of a doctor to evaluate appellant pursuant to Welfare and Institutions Code section 3051. The third document is an "Agreement to Appear—Release on own Recognizance," signed by appellant, and providing appellant agreed to appear at the hearing scheduled for September 18, 1992. The final document is an order dated September 25, 1992, issuing a bench warrant for appellant's failure to appear at the September 18 hearing.

The record reflects appellant was released from custody on his own recognizance pending completion of a physician's examination to determine whether execution of his sentence following conviction or revocation of probation should be suspended pending a petition for commitment to a narcotics treatment facility. (See Welf. & Inst. Code, § 3051.) The record does not indicate whether he was convicted of a felony or a misdemeanor. Nor does the record indicate whether the reference followed the revocation of probation on a felony or misdemeanor conviction.

Appellant contends the documents from Contra Costa County alone are not sufficient to demonstrate the pending offense was a felony. Respondent contends the evidence raises an inference the pending offense was a felony because the records are from the superior court.[2]

 On appeal ". . . the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) Substantial evidence includes circumstantial evidence and any reasonable inferences flowing therefrom. (*In re James D.* (1981) 116 Cal.App.3d 810, 813 [172 Cal.Rptr. 321].) An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts found or otherwise established in an action. (Evid. Code, § 600, subd. (b).)

 Prior to 1991 it might have been possible to infer that documents from the superior court pertained to a felony, not a misdemeanor. However, superior courts now have jurisdiction "in all misdemeanor criminal cases to receive a plea of guilty or nolo contendere, appoint a time for pronouncing judgment, and pronounce judgment." (§ 1462.) Therefore we cannot presume or infer that a document with a superior court caption pertains to a felony rather than a misdemeanor.

The prosecution's evidence demonstrates nothing more than the superior court authorized appellant's release on his own recognizance pending the hearing pursuant to Welfare and Institutions Code section 3051. The release may have been in the context of a felony conviction or felony probation revocation. But it also may have been in the context of a misdemeanor guilty or nolo contendere plea. The superior court records do not provide sufficient information upon which to conclude the pending offense was a felony. The prosecution failed to carry its burden of proving the elements of the enhancement under section 12022.1.

---

[2]In response to defense counsel's closing statements questioning whether the records indicated the pending offense was a felony, the prosecutor argued: "What are you here with now? A felony charge of burglary. Submit to you that you can infer from the fact that you are in a superior court on a felony charge, that this release is from a superior court, you could infer from that, I submit on the evidence, that he was on a felony, that he's released on his own recognizance on a felony. Both sheets state Superior Court of the State of California, in and for Contra Costa County."

III.

*Reasonable Doubt Instruction\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Disposition*

The judgment of conviction in count III (violation of § 529, subd. 3) is reversed; upon remand on that count the superior court is directed to enter a judgment of conviction of a violation of section 148.9, a misdemeanor. The court is directed to strike the enhancement pursuant to section 12022.1. In all other respects, the judgment is affirmed. The court is directed to resentence appellant accordingly, and to furnish a copy of an amended abstract of judgment to the Director of Corrections.

Dibiaso, J., and Thaxter, J., concurred.

---

\*See footnote, *ante*, page 1672.