Opinion
 

 GEORGE, C. J.
 

 Petitioner Randolph Lee faces trial for “falsely personating] another in either his private or official capacity, and in such assumed character” doing “any other act whereby . . . any benefit might accrue to the party personating . . . .” (Pen. Code, § 529, subd. 3; all undesignated statutory references are to this code.) We granted review to decide whether
 
 *43
 
 this statute may be violated by impersonating
 
 [1]
 
 someone who is, at the time impersonated, deceased. We answer the question affirmatively, and hence affirm the judgment of the Court of Appeal denying the writ of prohibition.
 

 I.
 

 In July 1998, petitioner received a traffic citation that he falsely signed in the name of his deceased brother, Edward Watson. A few weeks later, in mid-August, petitioner was stopped for various traffic infractions (e.g., expired registration) while driving in Lancaster. When the officers asked for petitioner’s license, he said he did not have it with him.
 

 The officers were unable to identify “Edward Watson” through their patrol car’s computer. In an attempt to convince the officers that he was Edward Watson, petitioner told them that a few weeks earlier, he had received a citation in that name, and that he therefore “had to be Mr. Watson.” Although confronted with a document found in his vehicle showing the name Randolph Lee, petitioner continued to insist that he was Watson. After the officers informed him that they would need to take him to the police station in order to ascertain his identity, petitioner admitted his true name. The officers undertook a computer check using that name and discovered that petitioner had an outstanding arrest warrant for driving with a suspended license and that he was on parole in San Bernardino and had not obtained permission to be in Lancaster.
 

 Petitioner was arrested for violating section 529, subdivision 3. The arresting officer contacted petitioner’s mother, who confirmed that Watson had died in 1970 and gave the officer a copy of the July 1998 citation that petitioner had received in Watson’s name.
 

 Petitioner had two prior serious felony convictions: a robbery with personal use of a firearm in 1982, and an assault with a firearm and with personal infliction of great bodily injury in 1986. The district attorney charged petitioner with a felony violation of section 529, subdivision 3, thereby subjecting him to a possible 25-year-to-life sentence. (§§ 667, subds. (b)-(i), 1170.12.)
 

 Petitioner moved to set aside the information on the ground that he merely had given false information to a peace officer (§ 148.9, a misdemeanor), and
 
 *44
 
 hence should not be prosecuted under section 529, subdivision 3 for a felony. The trial court denied the motion, and on review by writ of prohibition the Court of Appeal denied relief. We granted review, limiting the issue to be argued before this court to “whether one can violate Penal Code section 529 by falsely impersonating a relative who, in fact, is deceased.”
 
 [2]
 

 II.
 

 Section 529 applies to
 
 “Every person who falsely personates another in either his private or official capacity, and in such assumed
 
 character” commits one of three categories of acts, the last of which is here at issue: “3.
 
 Does any other act
 
 whereby, if done by the person falsely personated, he might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or
 
 whereby any benefit might accrue to the party personating, or to any other person
 
 . . . (Italics added.) Violation of this statute is punishable as a misdemeanor or a felony. (§ 529, last par.)
 

 In the present matter, petitioner impersonated his long-deceased brother. He asserts that section 529, subdivision 3 is not triggered by such conduct, because a deceased person has no “private or official capacity” and hence such impersonation does not fall within section 529. In support of this claim, petitioner relies upon
 
 People
 
 v.
 
 Robertson
 
 (1990) 223 Cal.App.3d 1277 [273 Cal.Rptr. 209] (Robertson).
 

 In
 
 Robertson, supra,
 
 223 Cal.App.3d 1277, the defendant, when arrested for auto theft, impersonated his
 
 living
 
 brother. The defendant later was convicted under section 529, subdivision 3 of felony impersonation, and asserted on appeal that he should face at most a misdemeanor charge under section 148.9, subdivision (a).
 
 [3]
 
 The appellate court disagreed, applying guidelines set forth in
 
 People
 
 v.
 
 Jenkins
 
 (1980) 28 Cal.3d 494 [170 Cal.Rptr.
 
 *45
 
 1, 620 P.2d 587]. In the course of its analysis, the court explained in
 
 Robertson,
 
 among other things, that section 529, subdivision 3 describes an offense with elements not present in section 148.9, subdivision (a).
 
 (Robertson, supra,
 
 223 Cal.App.3d 1277, 1281-1282.) Specifically, as relevant here,
 
 Robertson
 
 observed that section 529 requires that a “real”—as contrasted with fictitious—person be impersonated.
 
 (Robertson, supra,
 
 223 Cal.App.3d at p. 1281.)
 
 [4]
 

 Petitioner asserts that “the obvious intention of the statute is to prohibit those forms of impersonation which could result in actual harm to another
 
 existing
 
 person.” Petitioner emphasizes that section 529 applies
 
 “only
 
 if the person personated [has] a private or official capacity,” and reasons that because this language excludes impersonation by use of a fictitious identity, “it also excludes [impersonation by using the identity of] the deceased.”
 

 In addressing this question, we attempt to discern the Legislature’s intent. (See
 
 California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.
 
 (1997) 14 Cal.4th 627, 632-633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) We agree with petitioner and the court in
 
 Robertson
 
 that section 529, by referring to impersonation of “another,” contemplates impersonation of a real or actual (as opposed to fictitious) person.
 
 (Robertson, supra,
 
 223 Cal.App.3d at p. 1281.) Indeed, that is one of the key differences between section 529 and section 148.9, which, as observed
 
 ante,
 
 footnote 3, applies to false representation of either a real or a
 
 fictitious
 
 person. It does not follow, however, that a deceased person is not a real or actual person for purposes of section 529.
 

 As the Court of Appeal below observed, statutes prohibiting impersonation have two purposes. One is to prevent harm to the person falsely represented; the second is to ensure the integrity of judicial and governmental processes. Both purposes are furthered by construing section 529 as applying to impersonation of a deceased person as well as of a living person, and both would be frustrated by a contrary interpretation of the statute.
 

 Regarding the first purpose of such statutes—protecting the impersonated—it is instructive to consider the whole of section 529. In addition to the conduct described in subdivision 3, which is at issue in this matter, the statute also covers impersonation of another “in either his private or official
 
 *46
 
 capacity” in a situation in which the defendant “1. Becomes bail or surety for any party in any proceeding whatever, before any court or officer authorized to take such bail or surety”; or “2. Verifies, publishes, acknowledges, or proves, in the name of another person, any written instrument, with intent that the same may be recorded, delivered, or used as true . . .
 

 Viewed together, the substance of the three subdivisions that comprise section 529 demonstrate a legislative intent to include, rather than exclude, impersonation of the deceased. This is perhaps most clear with regard to subdivision 2 of the statute, which the Legislature likely intended would apply to impersonation of a deceased person, in order, for example, to protect a deceased person’s interests during the period between death and the settling of his or her estate.
 
 [5]
 
 As the Court of Appeal noted, a deceased person’s heirs and estate “may incur claims if someone uses [the deceased’s] name to borrow or change asset ownership; although they may eventually escape liability, they may expend enormous amounts of time and money to do so, while their assets are frozen.”
 

 Regarding the second purpose of such statutes, ensuring the integrity of judicial and governmental processes, it is again instructive to consider the full scope of section 529, and in this regard too it is apparent that the Legislature intended that the statute would apply to impersonation of a deceased person. As noted above, subdivision 1 of the statute is addressed to impersonation “before any court or officer authorized to take . . . bail or surety,” and subdivision 2 addresses, among other things, impersonation by use of a “written instrument, with intent that the same may be recorded.” Plainly, impersonation in such situations might be facilitated—and indeed accomplished—by representing oneself as a deceased person. By employing a deceased person’s identity, an impersonator may present a more convincing fraud, by, for example, submitting official documents of the deceased or by making use of entries in computer data bases concerning the deceased that may not have been updated to reflect the circumstance of death. Such an impersonation, accompanied by apparent indicia of reliability, may be more difficult to detect, and hence may pose a greater risk to the integrity of
 
 *47
 
 judicial and governmental processes, than impersonation by use of a fictitious identity, or even by use of the identity of a living person (who may be able to expose the fraud).
 

 Consistent with this conclusion, courts of other jurisdictions have observed that impersonation statutes such as section 529 protect society as a whole (and not only the individual impersonated), and hence should be construed to apply even though the impersonation is of a deceased person. (See
 
 Camren
 
 v.
 
 State
 
 (Okla.Crim.App. 1991) 815 P.2d 1194, 1195 [“[t]he plain language” of a statute similar to section 529 covers impersonation of the deceased]; see also
 
 People v. Horkans
 
 (1942) 109 Colo. 177 [123 P.2d 824, 826] [dictum].)
 

 Petitioner attempts to distinguish these out-of-state decisions on the ground that the statutes at issue in those cases do not contain our statute’s “private or official capacity” language. Although it is true that most other similar statutes throughout the nation do not contain that clause, as discussed above we find no basis for the suggestion that the “private or official capacity” language was intended to preclude application of section 529 (or its companion statute, section 530) to the impersonation of a deceased person.
 
 [6]
 

 III.
 

 We affirm the judgment of the Court of Appeal, denying the writ of prohibition.
 

 Mosk, J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.
 

 [1]
 

 “ ‘Impersonate’ and ‘personate’ are words in common use. They mean the same thing—to pretend or represent oneself to be another.”
 
 (People v. Vaughn
 
 (1961) 196 Cal.App.2d 622, 632 [16 Cal.Rptr. 711]; see also
 
 People
 
 v.
 
 Maurin
 
 (1888) 77 Cal. 436, 439 [19 P. 832] [“To personate another person is to assume to be that person.”].) Because we believe it is the more commonly used variant, we employ the term “impersonate” and its derivatives.
 

 [2]
 

 In addition to rejecting the claim that section 529 cannot be violated by impersonation of a deceased person, the Court of Appeal also rejected petitioner’s assertions that (i) the term “benefit” in section 529, subdivision 3 does not include avoiding detection or evading court process, and (ii) in any event petitioner may be prosecuted under section 148.9 only, and not under section 529, because section 148.9 is the more specific offense. As noted, we limited the issue to be argued before this court to the question whether section 529 applies to the impersonation of a deceased person, and thus do not address the other issues discussed by the Court of Appeal.
 

 We observe that when a petition raises multiple issues, and we limit review to fewer issues, we neither expect nor desire briefing on the issues excluded from our order. (Cal. Rules of Court, rule 29.3(c).)
 

 [3]
 

 That statute provides, in part: “(a) Any person who falsely represents or identifies himself or herself
 
 as another person or as a fictitious person
 
 to any peace officer . . . upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the
 
 *45
 
 proper identification of the person by the investigating officer is guilty of a misdemeanor.” (Italics added.)
 

 [4]
 

 With respect to a separate issue, the court in
 
 Robertson, supra,
 
 223 Cal.App.3d 1277, stated that section 529 is a specific intent crime. That issue currently is pending before this court in
 
 People v. Rathert
 

 *
 

 (Cal.App.) (review granted Aug. 12, 1998, S070946), and we express no opinion on the question.
 

 *
 

 Reporter’s Note: For Supreme Court opinion, see 24 Cal.4th 200 [99 Cal.Rptr. 779, 6 P.3d 700].
 

 [5]
 

 Our conclusion in this regard is confirmed by consideration of the history and context of a companion statute—section 530—that was enacted with section 529 in 1872, and that was amended with section 529 in 1905 to add the “private or official capacity” clause. (Stats. 1905, ch. 523, §§ 1, 2, pp. 684, 685.) Section 530 makes it a crime to “personate[] another, in either his private or official capacity, and in such assumed character received any money or property, knowing that it is intended to be delivered to the individual so personated” with the intent to keep the money or property for the defendant’s own use. As noted above with regard to section 529, subdivision 2, there is no reason to believe that the Legislature intended that section 530 would not be triggered by impersonation of the deceased, and indeed it seems most reasonable to assume that the Legislature intended that the section would apply in such situations in order to protect the interests of the individual impersonated.
 

 [6]
 

 Indeed, section 529 did not contain that clause until 1905, when the clause was added in apparent reaction to this court’s holding in
 
 People v. Knox
 
 (1897) 119 Cal. 73 [51 P. 19]. In that case we held that section 529 did not apply to a defendant who falsely had represented himself to be “an officer of the law and constable,” because, among other things, the statute “does not refer to a case where a party falsely assumes an official character.” (119 Cal. at p. 74.) The 1905 amendment evidently was designed to address that omission, and expressly to reach impersonation of an individual in his or her “official” capacity. As real party in interest observes, however, before and subsequent to the amendment, the statute always has prohibited impersonation of another in his or her
 
 private
 
 capacity.