[No. B142656. Second Dist., Div. Six. Mar. 28, 2001.]

In re IVAN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
IVAN J., Defendant and Appellant.

**COUNSEL**

Alexander Lambrous, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Hye Y. Yang, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—Ivan J. appeals from a judgment declaring him a ward of the juvenile court and placing him on probation. (Welf. & Inst. Code, § 602.) He contends the evidence did not support the court's jurisdictional finding that he had falsely identified himself to a peace officer under Penal Code section 148.9, subdivision (a) (hereafter section 148.9(a)). We affirm.

### FACTS

About 10:00 p.m. on October 30, 1999, Deputy Ellsworth Pond of the Santa Barbara County Sheriff's Department responded to a report of loud

music at the Casmalia Post Office. When Pond arrived at the post office, appellant was standing outside with several other individuals, some of whom were drinking beer. Appellant, who was then 17 years old, was smoking a cigarette. Pond detained him for a suspected violation of Penal Code section 308, subdivision (b), which prohibits the possession of tobacco by a minor.

Pond asked appellant for his name and age. Appellant gave his true name and said his date of birth was May 11, 1981, which would have made him 18 years old. Pond recognized appellant from a prior contact, and suspected that he was lying about his age. He gave appellant an opportunity to provide his correct date of birth, but appellant would not do so. Appellant was actually born on May 11, 1982, which Pond discovered after his dispatcher checked the records from the prior contact. Pond testified that in his 14 years of experience as a peace officer, the information required to identify someone includes some type of photographic identification, a full name and a date of birth.

## DISCUSSION

It was undisputed that appellant gave Deputy Pond a false birth date to avoid a citation for possession of tobacco. Appellant contends his conduct did not violate section 148.9(a) because he also gave his correct name. We disagree.

Section 148.9(a) provides, "Any person who falsely represents or identifies himself or herself as another person or as a fictitious person to any peace officer listed in [Penal Code] Section 830.1 or 830.2, . . . upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the investigating officer is guilty of a misdemeanor." There was no evidence that by saying he was born in 1981 instead of 1982, appellant was identifying himself as "another person," i.e., as an actual 18 year old who was also named "Ivan J." (See *Lee v. Superior Court* (2000) 22 Cal.4th 41, 45 [91 Cal.Rptr.2d 509, 989 P.2d 1277] [impersonation of "another" under Pen. Code, § 529 contemplates impersonation of a real or actual person].) We must therefore determine whether appellant "falsely represent[ed] or identifie[d] himself . . . as a fictitious person" when he lied about his year of birth.

When interpreting a statute, our primary goal is to determine and effectuate the Legislature's intent. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) "[W]e examine the relevant language of the statute and 'accord words their usual, ordinary, and common sense meaning based on the language . . . used and the evident purpose for

which the statute was adopted.' " (*People v. Turner* (2000) 78 Cal.App.4th 1131, 1140 [93 Cal.Rptr.2d 459].)

 Appellant argues that he did not violate section 148.9(a) when he lied about his date of birth because that statute is designed to punish only those persons who give a false name. The Legislature's choice of words shows that it did not intend to give section 148.9(a) such a restricted meaning. If it had so desired, the Legislature could have expressly limited section 148.9 to situations in which a false name is provided to officers. (See, e.g., Veh. Code, § 40504, subd. (b) [prohibiting false or fictitious signature on promise to appear].) It instead chose the more expansive phrase "falsely represents or identifies . . . as a fictitious person."

"To identify" is to "establish the identity of," identity being not merely a name, but "[t]he collective aspect of the set of characteristics by which a thing is definitively recognizable or known." (American Heritage Dict. (2d college ed. 1991) p. 639.) "Fictitious" has been defined to mean "imaginary" and "[a]dopted or assumed in order to deceive." (*Id.* at p. 500.) A date of birth is one of the core characteristics that comprise a person's identity, and the identification of oneself as a fictitious person under section 148.9(a) may be accomplished by a fictitious birth date as well as by a fictitious name. (See *People v. Cole* (1994) 23 Cal.App.4th 1672, 1676 [28 Cal.Rptr.2d 788] [giving false name and date of birth were "part of the act of providing the false information upon which the false identity was based"].)

Appellant attempts to characterize the false information about his date of birth as a lie about his age, a personal trait that, like weight or hair color, did not change who he was and did not create a fictitious identity. This argument has some superficial appeal, but context is important. A person's age may be completely beside the point at a social gathering, but during an arrest or detention, an accurate date of birth is a critical piece of information. A person who gives a false date of birth might avoid detection on an outstanding warrant or a sex offender registration violation and will be more difficult to locate if he or she later fails to appear in court. For law enforcement purposes, a false date of birth creates a fictitious identity that may allow the real person to escape the consequences of his or her actions.

Our conclusion that a false date of birth may create a fictitious person comports with the legislative history of section 148.9(a), which was designed to stop abuses under a former statute that permitted certain misdemeanants to obtain bail by posting a 10 percent deposit. Persons arrested for prostitution, for example, had been giving false identification to the police, posting 10 percent of their bail, and failing to return for their court appearances. (*In re Voeurn O.* (1995) 35 Cal.App.4th 793, 797 [41 Cal.Rptr.2d

549].) The evil addressed by section 148.9(a)—bail skipping—is most likely to be avoided when an arrestee provides sufficient information to allow law enforcement to locate the person if he or she does not appear in court. An accurate date of birth will often be essential to this goal. There may be 50 "John Smiths" in a populous county, but rarely will there be more than a few who share a particular date of birth. Penalizing persons who give officers a false date of birth is consistent with the purpose of section 148.9(a).

Appellant argues that the legislative history of Assembly Bill No. 2583, the progenitor of section 148.9(a), shows that section 148.9(a) was designed to punish only those persons who provide officers with a false name. Appellant observes that in a Ways and Means Committee Summary prepared March 17, 1982, the proposed law is described as extending "current provisions of law making it a misdemeanor to use a false or fictitious *name* in a document filed with the Highway Patrol or DMV to instances when a person does so to a peace officer . . . ." (Italics added.)

We are not persuaded. The "current provisions" to which that summary refers are Vehicle Code sections 20 and 31, neither of which is limited to situations involving a false name. Vehicle Code section 20 provides, "It is unlawful to use a false or fictitious name, or to knowingly make any false statement or knowingly conceal any material fact in any document filed with the Department of Motor Vehicles or the Department of the California Highway Patrol." Vehicle Code section 31 provides, "No person shall give, either orally or in writing, information to a peace officer while in the performance of his duties under the provisions of this code when such person knows that the information is false." The legislative reports on Assembly Bill No. 2583 consistently recite the language that was ultimately incorporated in section 148.9(a), and there are no clear indicia that legislators believed the statute would be limited to punishing a person's use of a false name.

We need not determine whether other types of false information might contribute to the creation of a "fictitious person" under section 148.9(a). Suffice it to say that a person's name and date of birth are two of the most important and widely recognized ways of identifying an individual in our society. Providing false information to a peace officer about either of these characteristics is a violation of section 148.9(a) when the other essential elements of that offense are also proved.

Appellant also argues that assuming he falsely identified himself to Deputy Pond, there was no evidence he did so "to evade the process of the court, or to evade the proper identification . . . by the investigating officer,"

as is also required by section 148.9(a). The evidence showed that appellant gave a false date of birth so the deputy would believe he was 18 years old and could legally possess tobacco. His intent to mislead the officer about his age was an intent "to evade . . . proper identification" under section 148.9(a).

The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 27, 2001.