**Russell Ray RATHERT, Jr.,
Petitioner–Appellant,**

v.

**George M. GALAZA, Warden,
Respondent–Appellee.**

No. 05–55325.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Oct. 13, 2006.

As Amended on Denial of Rehearing and Rehearing En Banc Dec. 1, 2006.

Richard Jay Moller, Esq., Redway, CA, for Petitioner–Appellant.

Russell Ray Rathert, Jr., Delano, CA, pro se.

Richard S. Moskowitz, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM *

Russel Ray Rathert, Jr. appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for second degree burglary. Rathert was sentenced under California's three strikes law to a prison term of twenty-five years to life with the possibility of parole. Because the parties are familiar with the underlying facts and complex procedural history of the case, we do not recite them here.

A line of Supreme Court cases clearly establishes that unforeseeable judicial enlargement of a criminal statute, applied retroactively, violates the federal due process right to fair warning of what constitutes criminal conduct. *See Bouie v. City Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). "[T]hat persons have a right to fair warning of that conduct which will give rise to criminal penalties is fundamental to our concept of constitutional liberty. As such, that right is protected against judicial action by the Due Process Clause of the Fifth Amendment." *Marks v. United States,* 430 U.S. 188, 191–92, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (citations omitted). *See also Rogers v. Tennessee,* 532 U.S. 451, 459, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) *(Bouie* articulated a "basic and general principle of fair warning.").

The Supreme Court has clearly stated that a narrowing statutory construction may not be discounted merely because it issues from an intermediate appellate

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court rather than from a State Supreme Court or the United States Supreme Court. *See United States v. Lanier,* 520 U.S. 259, 269, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (intermediate appellate court rulings "may be taken into account in deciding whether the warning is fair enough" and there is no "categorical rule that decisions of the Courts of Appeals and other courts are inadequate as a matter of law to provide it."). In undertaking an unforeseeability analysis to determine whether retroactive application is constitutional, the Supreme Court itself looks to narrowing constructions by intermediate state and federal appellate courts. *See, e.g., Marks v. United States,* 430 U.S. 188, 194–95 & n. 8, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (evaluating "fair warning" by looking to the language of the statute and prior judicial interpretations of the statute).

Here, the California Supreme Court retroactively abrogated a specific intent requirement established by a decade old, uncontradicted, and controlling appellate court case, *People v. Robertson,* 223 Cal. App.3d 1277, 1281–82, 273 Cal.Rptr. 209 (1990). *See also Auto Equity Sales, Inc. v. Superior Court,* 57 Cal.2d 450, 455, 369 P.2d 937, 20 Cal.Rptr. 321 (1962)(holding that decisions of an intermediate court of appeals bind all courts of inferior jurisdiction). In so doing, the California Supreme Court unreasonably applied clearly established United States Supreme Court precedent.

Therefore, we REVERSE the district court's denial of Rathert's habeas petition for lack of fair warning, and decline to reach the other claims. We REMAND to the district court with instructions to grant the writ.

REVERSED AND REMANDED.