Filed 1/19/16  P. v. Hoskins CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JON CLAYTON HOSKINS,<br><br>        Defendant and Appellant. | A141819<br><br>(Contra Costa County<br>Super. Ct. No. 051217025) |

Defendant Jon Clayton Hoskins appeals from an order terminating his probation and placing into execution a previously suspended sentence of eight years in state prison associated with a conviction for committing lewd acts on a child under 14 years of age. (Pen. Code,[1] § 288, subd. (a).)  Defendant argues that the evidence was insufficient to establish that he possessed pornography in violation of a term of his probation, even though the court below stated it was "fairly obvious" that DVD's and other materials found in defendant's possession were pornographic.  Defendant's claim on appeal turns on the absence of evidence that his probation officer or a sex-offender treatment program had ever provided him with a definition of what constitutes pornographic material.  He also contends the court abused its discretion in refusing to reinstate probation.  We reject these contentions and affirm.

---

[1]Further statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2011, the Shasta County District Attorney filed a first amended information charging defendant with four counts of lewd acts on a child under 14 years of age (§ 288, subd. (a)), with a special allegation that the crimes were committed against more than one victim (§ 667.61, subd. (b)). The district attorney also charged defendant with two misdemeanors committed against one of the minor victims—annoying or molesting children (§ 647.6, subd. (a)) and sexual battery (§ 243.4, subd. (e)(1)). Pursuant to a plea agreement, defendant pleaded guilty to one count of committing lewd acts on a child under 14 years of age (§ 288, subd. (a)). The remaining charges were dismissed upon the prosecutor's motion.

In September 2011, the Shasta County Superior Court sentenced defendant to the upper term of eight years in state prison, suspended execution of the sentence, and placed defendant on probation for a period of seven years subject to various terms and conditions, including that he serve 270 days in county jail. One of the conditions of probation was that "[t]he defendant shall not possess, view or listen to any pornographic material as defined by a sex offender treatment program or the Probation Officer." Defendant's case was transferred from Shasta County to Contra Costa County in 2012.

In November 2013, defendant's probation officer in Contra Costa County filed a petition to revoke defendant's probation. According to the petition, defendant violated the terms of his probation as a result of being "in possession of pornographic material including a DVD and sexual toys." The court revoked defendant's probation and issued a bench warrant for his arrest.

At a contested hearing on the petition to revoke defendant's probation, a Santa Clara County sheriff's deputy testified that on the morning of November 18, 2013, he responded to assist a fellow officer in a remote area near Lexington Reservoir in unincorporated Santa Clara County. The deputy described the area as rural and isolated. A pickup truck that was later determined to belong to defendant was parked just off the roadway. The deputy observed that the rear windows behind the driver's and passenger's seats were blocked with towels or blankets. Defendant was alone in the pickup and told

2

the deputy's partner that he had been napping. Upon inspecting the interior of the pickup, the deputy found a total of five DVD's that the deputy described as pornographic. He also found two anatomically correct female blowup dolls as well as "sex toys in a shoebox." Among the materials presented to the court as exhibits were photos of the DVD's as well as photos of various magazines confiscated from defendant, including at least one described as using the word "teens" on its cover.

After the deputy concluded his testimony, the court heard argument from counsel. Defendant's trial counsel argued that the probation condition prohibiting the possession of pornographic materials is unconstitutionally vague. Counsel proposed modifying the condition to specify that defendant is prohibited from possessing pornographic materials "having been informed" by his probation officer that such items are pornographic. Counsel also argued that there was no evidence defendant was ever informed what was considered pornographic for purposes of the probation condition.

The court found that defendant violated the term of his probation prohibiting the possession of pornography. The court rejected the argument that the challenged probation condition is unconstitutionally vague, noting that the clarifying language concerning whether certain material has been defined in advance to be pornographic only comes into play when there is a close question about whether the material is actually pornographic. The court found that the five DVD's are "on their face pornographic," and it is "fairly obvious" that certain magazines found in defendant's pickup constituted pornography. The court later clarified that the pornographic materials consisted solely of the commercially-made videos and magazines. The court did not find that items such as the anatomically correct dolls were pornographic because the court was "afraid of treading on . . . the constitutiona[l] argument" and did not feel a need to "reach those potentially vague issues."

After the court found that defendant had violated his probation, the hearing proceeded for the purpose of sentencing, with the prosecutor urging the court to place defendant's suspended sentence into execution. Defendant, a defense psychologist, and

3

defendant's probation officer testified. The court terminated defendant's probation and imposed the previously suspended eight-year prison sentence. This appeal followed.

DISCUSSION

**1.** *Sufficiency of the evidence*

The trial court found that defendant violated the term of his probation prohibiting him from "possess[ing], view[ing] or listen[ing] to any pornographic material *as defined by a sex offender treatment program or the Probation Officer.*" (Italics added.) On appeal, defendant claims the evidence was insufficient to support the court's finding because there was nothing to indicate that the phrase "pornographic material" had ever been defined for him.

Although defendant's claim turns on the sufficiency of the evidence, he also asserts in his reply brief on appeal that the constitutionality of the probation condition is properly before this court. Because defendant did not raise his constitutional challenge in the opening brief on appeal, we would be justified in treating the issue as forfeited. (See *Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3.) Nevertheless, we will briefly address principles governing whether a probation condition is unconstitutionally vague, as well as how those principles are applied in a circumstance such as this one, where a condition is not challenged as unconstitutional until after the court has found a violation.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*)) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California constitutions." (*Ibid.*) In *Sheena K.,* the Supreme Court held that a probation condition prohibiting a juvenile probationer from associating "with anyone 'disapproved of by probation' was

4

both vague and overbroad because the juvenile court did not require that in order to be in violation, defendant must know which persons were disapproved of by the probation officer." (*Ibid.*)

The principles discussed in *Sheena K.* have been applied to probation conditions prohibiting the possession of pornography. In *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*), the court held that a probation condition prohibiting the defendant from "purchasing or possessing pornographic or sexually explicit materials as defined by the probation officer" was vague without a requirement that defendant have advance knowledge of what was required of him. (*Id.* at p. 1352.) According to the court, "[t]he fact that the probation officer may deem material sexually explicit or pornographic *after* defendant already possesses the material would produce a situation where defendant could violate his probation without adequate notice." (*Ibid.*) The court modified the condition to prohibit the purchase or possession of materials "having been informed by the probation officer that such items are pornographic or sexually explicit."
(*Id.* at p. 1353.) Similarly, in *People v. Turner* (2007) 155 Cal.App.4th 1432 (*Turner*), the court modified a probation condition prohibiting the possession of sexually stimulating material "deemed inappropriate by the probation officer" to specify that the defendant could not possess any sexually explicit material " 'having been informed by the probation officer that such material is inappropriate . . . .' " (*Id.* at pp. 1434–1436.)

Here, unlike in *Sheena K., Pirali,* and *Turner,* defendant is not challenging the probation condition as invalid or unconstitutional on its face, nor is he seeking to modify the condition to include a knowledge requirement. Indeed, there is no indication that defendant objected to the condition until he was charged with violating it. Instead, he asserts, in effect, that the condition *as applied* to him violated his due process rights because there was no showing that he had advance notice of what materials were defined as pornographic.

The court was faced with a somewhat analogous situation in *People v. Urke* (2011) 197 Cal.App.4th 766 (*Urke*), where a defendant who had not previously challenged the constitutionality of a probation condition prohibiting him from being in

the "presence" of minors raised a vagueness and overbreadth challenge after a court found that he violated the condition. (*Id.* at p. 773.) The court held that it was unnecessary to reach the constitutional question because "(1) the subject matter of the condition is one upon which a properly tailored condition may be imposed, and (2) defendant's conduct was such that it would breach the condition regardless of how narrowly or precisely worded." (*Id.* at p. 774.) Thus, the appellate court found any error harmless beyond a reasonable doubt because the trial court would have found a violation even if the condition were worded to avoid any constitutional infirmity. (*Id.* at p. 775.)

It is unnecessary to address the constitutional question here because, just as in *Urke*, any error either in the drafting or construing the probation condition at issue is harmless beyond a reasonable doubt. First, as *Pirali* and *Turner* demonstrate, a probation condition prohibiting the possession of pornography passes constitutional muster as long as the defendant has fair warning of what is prohibited. Second, as explained in more detail below, the evidence was more than sufficient to demonstrate that defendant would have breached a condition prohibiting pornography no matter how narrowly worded.

"We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.' " (*Urke, supra,* 197 Cal.App.4th at p. 773.) Under the substantial evidence standard, we "resolve all inferences and intendments in favor of the judgment." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848.) Our review is limited to a determination of whether substantial evidence, whether contradicted or uncontradicted, supports the trial court's decision. (*Id.* at pp. 848–849.) "Substantial evidence includes circumstantial evidence and any reasonable inferences flowing therefrom." (*People v. Cole* (1994) 23 Cal.App.4th 1672, 1678.) " 'More lenient rules of evidence apply [at probation revocation hearings] than at criminal trials [citations], and the facts supporting revocation need only be proved by a preponderance of the evidence.' " (*People v. McGavock* (1999) 69 Cal.App.4th 332, 337.)

6

In this case, the court found that the DVD's and magazines possessed by defendant clearly constituted pornography. As the prosecutor stated, "by anyone's test," the X-rated videos defendant possessed were pornographic. Defendant did not dispute below that the materials were pornography as that term is commonly understood, nor does he argue here that they would not be considered pornography by an average person. Indeed, in his reply brief, he seems to concede that the trial court could have validly found a probation violation if defendant had been prohibited from possessing pornographic material that the "average person . . . would find, taken as a whole, appeals to the prurient interest." Nowhere does he suggest that the materials have some artistic value or are anything other than pornography.

Instead, defendant rests his claim on the lack of direct evidence that his probation officer or a sex-offender treatment program ever provided him with a definition of pornography. But commercially-produced, X-rated videos and magazines would have fit any definition of pornography that a sex-offender treatment program might employ, no matter how narrowly defined the term might be. Defendant does not suggest this is a close case where an average person might question whether the confiscated materials constitute pornography.

The facts of this case do not raise a concern that defendant somehow lacked fair notice of what was expected of him. " 'Fair notice' requires only that a violation be described with a ' "reasonable degree of certainty" ' . . . so that 'ordinary people can understand what conduct is prohibited.' " (*Burg v. Municipal Court* (1983) 35 Cal.3d 257, 270–271.) It strains credulity to suggest defendant was unaware that the materials he possessed would be considered pornographic. There is no dispute that he knowingly possessed them. And, given the circumstances under which he was found with the pornographic materials—in a remote area, with windows covered—it is not unreasonable to infer that he knew he was not supposed to possess or view the materials.

Accordingly, we conclude that substantial evidence supports the trial court's finding of a probation violation. To the extent the probation condition is unconstitutionally vague on its face, any such error is harmless beyond a reasonable

7

doubt because the evidence would have established a knowing violation even under a properly modified condition.

## 2. *Refusal to reinstate probation*

Defendant next contends the court abused its discretion when it declined to reinstate probation. We disagree.

The standard governing our review is well settled. " 'The discretion of the court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. [Citations].' [Citation.] . . . ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . ." ' [Citation.] And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant." (*Urke, supra,* 197 Cal.App.4th at p. 773.)

Defendant's primary argument is that the trial court failed to give proper weight to the testimony of the defense expert in psychology, Dr. Christopher Fisher. Dr. Fisher testified that defendant scored a "zero" on the "Static-99" test, and that as a result his probability of reoffending was below 5 percent. Defendant also cites a letter from his wife urging the court to reinstate him on probation so that he could continue to provide income for his family. His contentions are unavailing.

The trial court was not obligated to accept Dr. Fisher's recommendations. (See *People v. Downey* (2000) 82 Cal.App.4th 899, 910 [in assessing whether to reinstate probation, court not required to follow expert recommendations].) The court expressed difficulty accepting the opinions of Dr. Fisher for two separate and independent reasons. First, in light of the fact that defendant's use of pornography and sex toys risked the imposition of his lengthy suspended sentence, the court believed that Dr. Fisher "ignore[d] reality" by suggesting those behaviors were "low risk."[2] Second, the court

---

[2]Dr. Fisher did not hesitate to describe the materials confiscated from defendant as pornography. Nor did defendant dispute the characterization of the videos as pornographic when he testified. Although this testimony was offered after the court had

8

believed that defendant had not fully engaged in a treatment program in light of evidence that he had not been candid with his therapist.

The court also took into account the hardships that defendant's family might suffer, and acknowledged that the probation violation was not the "most egregious." Nonetheless, the court reasoned that possession of pornography was a material and not simply a technical violation of probation. And, the court acknowledged its duty to protect society and recognized that defendant had been convicted of a serious crime for which he had received an aggravated sentence.

The trial court's ruling was thoughtful, reflected consideration of the evidence presented to it, and took into account the nature of the defendant's conviction and his individual circumstances. On this record, we discern no abuse of discretion in terminating defendant's probation and imposing the suspended prison sentence.

**DISPOSITION**

The judgment is affirmed.

---

already found a probation violation, it is nonetheless hard to reconcile with defendant's contention on appeal that he did not have fair notice of what materials might be considered pornographic.

                           _____

                           McGuiness, P.J.

We concur:

_____

Pollak, J.

_____

Jenkins, J.

A141819, *People v. Hoskins*