Filed 8/7/13  In re Enrique O. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ENRIQUE O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ENRIQUE O.,<br><br>    Defendant and Appellant. | F066115<br><br>(Super. Ct. No. 12CEJ600420-2)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Gomes, Acting P.J., Kane, J., and Detjen, J.

The court adjudged appellant, Enrique O., a ward of the court (Welf. & Inst. Code, § 602) after it sustained allegations charging him with brandishing a weapon (count 1/Pen. Code, § 417, subd. (a)(1)) and providing false information to a police officer (count 2/Pen. Code, § 148.9, subd. (a)).

On September 24, 2012, the court aggregated time from a previous petition, set appellant's maximum term of confinement at 10 months, and committed him to the Juvenile Justice Center for 60 days.

On appeal, appellant contends the evidence is insufficient to sustain the court's finding that he provided false information to a police officer. We affirm.

## FACTS

At appellant's jurisdictional hearing Douglas Driggers testified that on the evening of August 11, 2012, he walked down the driveway of his house and noticed appellant and three other males down the street. Two of the males had stopped a couple and were harassing them while appellant and the other male continued walking down the street and stopped in front of Driggers's house. When appellant, or the male with him, made a comment about physically assaulting and robbing the couple, Driggers told them to "take that crap and go to the park or to the mall." During an ensuing exchange, appellant, or the male with him, said they were Eastside Fresno Bulldogs and started barking at him. Driggers told them he did not care who they were and not to do that in front of his house. Appellant then produced a knife and exhibited it in a threatening way as he took a few steps towards Driggers. Appellant told Driggers he was a Bulldog gang member and if Driggers had a problem, appellant was going to take care of it.

Driggers retreated to his garage and grabbed his own knife. The other two juveniles then came to appellant's aid. One of them took the knife from appellant and approached Driggers aggressively. Driggers told them they needed to stay off his property because he would use his knife. The juvenile with the knife passed it back to

appellant and he put it in his pocket. The juveniles then began barking and yelling obscenities. They also threatened to shoot at Driggers's house, set it on fire, and kill members of Driggers's family. Driggers told them he was going to call the police and there would be problems if they came back. The males replied that they were going to the park to smoke marijuana and left. Driggers told them that was fine and that the cops would be on their way. Driggers called the police.[1]

Fresno Police Officer Robert Martinez testified he and Officer Jeremy Price responded to Driggers's house at about 8:15 p.m. Driggers provided the officers a description of the juveniles including appellant whom he described as wearing a gray shirt, tan shorts and red shoes. The officers went to a nearby park where they contacted two juveniles who fit some of the descriptions of the juveniles involved in the incident with Driggers. As they spoke with the two juveniles a third juvenile came out of a bathroom. The three juveniles admitted that they had been walking down the street where Driggers lived. As Officer Price spoke to one of the juveniles, a city worker advised the officers that someone was inside of a stall in the women's bathroom. The officers walked toward the women's bathroom just as appellant walked out. Officer Martinez contacted appellant to find out what he was doing in the women's bathroom and because he was wearing a gray shirt, tan shorts and red shoes.

Officer Martinez asked appellant his name. Appellant replied his name was Casper O. and gave his date of birth. Martinez asked him if Casper was the name his mother gave him and appellant replied that it was. Appellant also stated that he was not on probation. Officer Martinez had dispatch run the name and birth date appellant provided and dispatch got a hit for a missing person named Enrique O. Martinez asked

---

[1] Driggers testified officers caught appellant and the other males at the park five to ten minutes after he called the police.

appellant for his mother's name and appellant provided a name that matched the information the officer received for the missing person. Dispatch also informed Martinez that appellant was on probation. The officer took appellant into custody for providing a false name. Appellant eventually admitted that Casper was his gang name.

During a search of appellant, Officer Martinez found a knife with a three-inch blade in one of the pockets of appellant's shorts.

The officer returned appellant to Driggers's house for an in-field lineup. Driggers identified appellant as the juvenile who had brandished a knife at him.

Appellant testified, in pertinent part, that he told Officer Martinez his name was Casper because he had a warrant for his arrest and he did not want to give the officer his full name.

## DISCUSSION

Appellant contends the evidence is insufficient to sustain his adjudication for falsely identifying himself to a police officer within the meaning of Penal Code section 148.9, subdivision (a) (hereafter section 148.9(a)) because: 1) he provided his correct last name and birth date; and 2) he was not detained or under arrest when he provided this information. We reject these contentions.

> "'Any person who falsely represents or identifies himself ... as another person or as a fictitious person to any peace officer ... upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the investigating officer is guilty of a misdemeanor.' [Citations.] The purpose of this law is to require the defendant to give 'sufficient information to allow law enforcement to locate the person if he or she does not appear in court.' [Citation.] In reviewing the evidence, we draw all reasonable inferences to support the judgment and resolve neither credibility issues nor evidentiary conflicts. [Citations.]
>
> "In assessing a claim of insufficiency of the evidence, our 'task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence--that is, evidence that is

4

reasonable, credible, and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]" (*In re Kelly W.* (2002) 95 Cal.App.4th 468, 471-472.)

Appellant falsely told Officer Martinez that his first name was Casper and he admitted he did so because he had an outstanding warrant. The juvenile court could reasonably infer from these circumstances that appellant falsely told the officers his name was Casper in order to evade being properly identified by the officer so that he would not be arrested on his outstanding warrant. Thus, the record contains substantial evidence that supports the court's finding that appellant violated section 148.9(a). (Cf. *People v. Hunt* (1990) 225 Cal.App.3d 498, 502, 506 [Defendant whose name was Bruce Hunt violated section 148.9(a) when he identified himself as Paul Hunt].)

In *In re Ivan J.* (2001) 88 Cal.App.4th 27, 30-31 (*Ivan J.*), the court discussed the critical role a birth date plays in establishing a person's identity. Appellant cites *Ivan J.* to contend he could not have intended to deceive Officer Martinez because he provided the officer with his true last name and birth date, two key pieces of indentifying information, and appellant had to know this would allow the officer to identify him. We disagree.

Appellant may have been foolish to provide Officer Martinez with a false first name knowing that the officer would probably discover his true identity. This, however, does not negate the juvenile court's implicit finding that his intent in doing so was to evade being properly identified by the officer. In any event, we do not reweigh the evidence or resolve conflicts in the evidence. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) Reversal on a substantial evidence ground "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Moreover, appellant was lawfully detained when he provided a false name to Officer Martinez. "A person is deemed to have '"been 'seized' within the meaning of the

5

Fourth Amendment:" [citation] ... "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" [Citations.] 'Examples of conditions which might indicate a "detention" or "seizure" under a reasonable person standard include a threatening police presence, the display of a weapon by an officer, the physical touching of the citizen approached, or the officer's language or voice indicating compliance with police demands might be compelled. [Citations.] There is no bright line rule indicating the point at which police conduct becomes a seizure. The degree of intrusion will vary with each set of facts involving police conduct and the actions of the suspect.' [Citation.]" (*People v. Walker* (2012) 210 Cal.App.4th 1372, 1382-1383.)

Driggers told appellant and the other minors as they left that he was going to call the police and appellant replied that they would be at the park smoking marijuana. A short while later, Officers Martinez and Price confronted appellant at a park as he walked out of the women's bathroom, where he did not belong, wearing the same clothes he wore earlier. These circumstances provided Officer Martinez a reasonable basis to detain him. Further, given these circumstances, a person in appellant's situation would have known that when the officers confronted him he was detained and not free to leave while the officers investigated his involvement in the earlier incident.

Appellant cites *In re Voeurn O.* (1995) 35 Cal.App.4th 793 (*Voeurn O.*), to contend he did not violate section 148.9(a) because he was not detained when he provided Officer Martinez with a false first name. In *Voeurn O.*, a police officer responding to a report of "suspicious juveniles loitering" at an apartment complex found a minor lying on some grass at the complex and began asking him questions. The minor told the officer he was waiting for a friend, for whom he could not provide an address, and he provided a false name. Although the minor was released, he was arrested three weeks later when the officer discovered his true identity. (*Id.* at p. 795.)

6

At the start of the jurisdictional hearing, the minor moved to suppress his false statements arguing that they were the product of an unlawful detention. The trial court, however, found that he was not detained and denied the motion. On appeal, the minor claimed this ruling precluded a finding that he violated section 148.9(a). The appellate court agreed. (*Voeurn O.*, *supra*, 35 Cal.App.4th at pp. 795, 797.)

*Voeurn O.* does not help appellant because in that case the minor was not detained. Here, appellant was lawfully detained because Officer Martinez had an objectively reasonable basis for believing appellant earlier had brandished a weapon and a reasonable person in appellant's situation would have known he was detained. Accordingly, we conclude the evidence is sufficient to sustain the juvenile court's adjudication of appellant for providing a police officer with false information in violation of section 148.9(a).

## DISPOSITION

The judgment is affirmed.